IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM BURRUSS, CHUCK CANADA, PAUL CASTELLANO, JOE CEDENO, LYONELL DAVIS, SAMUEL DIAZ, JR., RICHARD FEDDOR, PETER GIUNTA, LEON HARVEY, GREG HAYES, THOMAS IACOVETTI, MYRON JONES, CHRIS KALOUDIS, DARRYL KING, LARRY KOWALUK, NELSON LEWIS, ANTHONY LORDO, RICHARD MESSINA, JOHN NAWARA, JOSHUA NORRIS, MICHAEL O'CONNELL, GLENN ROSS, JAVIER RUEDA, DAVE STEADMAN, FLAMUR TRASHANI, MATT VLAHOS, HARRY WHEELER, individually, and on behalf of all others similarly situated, | FILED: NOVEMBER 18, 2008<br>08 CV 6621<br>JUDGE PALLMEYER<br>MAGISTRATE JUDGE BROWN<br><br>PH |
| Plaintiffs, | |
| v. | Case No. |
| COOK COUNTY SHERIFF'S OFFICE, THOMAS DART, in his individual capacity, SCOTT KURTOVICH, in his individual capacity, DENNIS ANDREWS, in his individual capacity, MICHAEL HOLMES, in his individual capacity, the COUNTY OF COOK, a unit of local Government, | |
| Defendants. | Plaintiffs Demand Trial by Jury |

**COMPLAINT**

Plaintiffs WILLIAM BURRUSS, CHUCK CANADA, PAUL CASTELLANO, JOE CEDENO, LYONELL DAVIS, SAMUEL DIAZ, JR., RICHARD FEDDOR, PETER GIUNTA, LEON HARVEY, GREG HAYES, THOMAS IACOVETTI,

1

MYRON JONES, CHRIS KALOUDIS, DARRYL KING, LARRY KOWALUK, NELSON LEWIS, ANTHONY LORDO, RICHARD MESSINA, JOHN NAWARA, JOSHUA NORRIS, MICHAEL O'CONNELL, GLENN ROSS, JAVIER RUEDA, DAVE STEADMAN, FLAMUR TRASHANI, MATT VLAHOS, HARRY WHEELER, individually, and on behalf of all others similarly situated, by and through his undersigned attorneys, complaining against Defendants, COOK COUNTY SHERIFF'S OFFICE, THOMAS DART, in his individual capacity, SCOTT KURTOVICH, in his individual capacity, DENNIS ANDREWS, in his individual capacity, MICHAEL HOLMES, and the COUNTY OF COOK, a unit of local Government, states as follows:

1. Plaintiffs bring this action to redress acts of retaliation in violation of the First Amendment pursuant to 42 U.S.C. § 1983 in violation of Plaintiffs' rights to free political association (Count I).

2. This Court has jurisdiction pursuant to 42 U.S.C. §1983 and 28 U.S.C. §1343.

3. Venue is proper in this judicial district under 28 U.S.C. §1391(b) and (c) because Plaintiffs and all Defendants either reside in this district or have their principal place of business in this district, and all events giving rise to Plaintiffs' claims occurred within this district.

**PARTIES**

4. Plaintiffs WILLIAM BURRUSS, CHUCK CANADA, PAUL CASTELLANO, JOE CEDENO, LYONELL DAVIS, SAMUEL DIAZ, JR., RICHARD FEDDOR, PETER GIUNTA, LEON HARVEY, GREG HAYES, THOMAS IACOVETTI, MYRON JONES, CHRIS KALOUDIS, DARRYL KING, LARRY KOWALUK, NELSON LEWIS, ANTHONY LORDO, RICHARD MESSINA, JOHN NAWARA, JOSHUA NORRIS, MICHAEL O'CONNELL, GLENN ROSS, JAVIER RUEDA, DAVE STEADMAN, FLAMUR TRASHANI, MATT VLAHOS, HARRY WHEELER, individually, and on behalf of all others similarly situated, are correctional officers with the Cook County Sheriff's Office.

5. Plaintiffs were competitively selected and assigned to a highly specialized unit of the Cook County Sheriff's Office, the Special Operations Response Team ("SORT").

6. All Plaintiffs had an exemplary record with the Sheriff's Office and were selected to serve in the elite SORT Unit based on their record of superior job performance, which was above reproach.

7. At all relevant times, each Plaintiff satisfactorily fulfilled his assigned duties.

8. Defendant COOK COUNTY is a municipality incorporated under the laws of the State of Illinois. Cook County administers itself through departments, one of which is the Cook County Sheriff's Office ("Sheriff's Office").

9. At all relevant times, Defendant THOMAS DART ("Sheriff Dart") served in the elected position of Sheriff of Cook County, Illinois. Sheriff Dart is sued in his individual capacity as Sheriff of Cook County.

10. Defendant Dart was a policy maker for the Sheriff's Office and has final policy making authority for the Sheriff's Office with regard to his acts and conduct alleged herein.

11. Defendant SCOTT KURTOVICH is sued in his individual capacity. At all times relevant hereto, Defendant Kurtovich was the Assistant Executive Director of the Cook County Sheriff's Office Department of Corrections and acted under color of law.

12. Defendant Kurtovich was appointed by Sheriff Dart and served in the position of Assistant Executive Director solely at the discretion and pleasure of the Sheriff. Kurtovich is a final policy maker and decision maker for the Sheriff's Office with regard to his acts and conduct alleged herein. The Sheriff delegated final policy making authority to Kurtovich with regard to his acts and conduct alleged herein.

13. Defendant DENNIS ANDREWS is sued in his individual capacity. At all relevant times, Defendant Andrews was the Director of External Operations of the Cook County Sheriff's Office Department of Corrections and acted under color of law.

14. Defendant Andrews was appointed by Sheriff Dart and served in the position of Director of External Operations solely at the discretion and pleasure of the Sheriff. Andrews is a final policy maker and decision maker for the Sheriff's Office with regard to his acts and conduct alleged herein. The Sheriff delegated final policy making authority to Andrews with regard to his acts and conduct alleged herein.

15. Defendant MICHAEL HOLMES is sued in his individual capacity. At all relevant times, Defendant Holmes was the Superintendent of the Cook County Sheriff's Office Department of Corrections and acted under color of law.

16. Defendant Holmes was appointed by Sheriff Dart and served in the position of Director of External Operations solely at the discretion and pleasure of the Sheriff. Holmes is a final policy maker and decision maker for the Sheriff's Office with regard to his acts and conduct alleged herein. The Sheriff delegated final policy making authority to Holmes with regard to his acts and conduct alleged herein.

**FACTS UPON WHICH CLAIMS ARE BASED**

17. The SORT Unit was considered an elite unit that was at one point headed by Richard Remus, who held the position of Superintendent.

18. In 2006, Remus put his name on the ballot to run for Sheriff of Cook County. The primary for the election was held on March 21, 2006.

19. Prior to the primary, many SORT officers actively supported Remus's campaign for Sheriff. It was widely known throughout the Sheriff's office that SORT was "Remus's Unit" and many SORT officers were actively involved in his political campaign.

20. Plaintiffs, along with many other officers, were feeling pressure from their supervisors and command staff of the Sheriff's Office to support Tom Dart, former Sheriff Michael Sheahan's slated replacement.

21. Defendants knew and believed that all Plaintiffs supported the political opponent (Remus) in the primary and did not support Dart.

22. Because of Plaintiffs' political affiliation and perceived political affiliation, Defendants disbanded the SORT Team on or about November 19, 2006 and removed Plaintiffs from their specialty Unit.

23. Plaintiffs lost overtime and other specialties as a result.

24. Defendant Andrews told others that the disbanding of the SORT Team was "political" and that the retaliation against other members of the SORT Team was also "political."

25. Defendants have engaged in a pattern and practice of retaliation against employees based on their political affiliation.

26. Defendants and Defendants' command staff and supervisors had knowledge of the complained of conduct and refused or failed to take action to terminate or correct such conduct, although they had the power and authority to do so.

## CLASS ALLEGATIONS

### Class Definition

27. Plaintiff brings this action on his own behalf and, pursuant to Federal Rules of Civil Procedure Rule 23(b)(1)(A) and (B), (b)(2) and/or (b)(3), as a class action on behalf of a class of persons defined as: "All former members of the Special Operations Response Team ('SORT') of the Cook County Sheriff's Office who were removed from SORT for political reasons."

### RULE 23(a)

### Typicality

28. The named Plaintiffs and the members of the class each and all have tangible and legally protectable interests at stake in this action.

29. The claims of the named class representatives and the absent class members have a common origin and share a common basis. Their claims originate from the same illegal practices of the Defendants, and Defendants act in the same way toward Plaintiffs and the members of the class. As such, the named Plaintiffs have been the victim of Defendants illegal practices.

30. The proposed class representatives state a claim for which relief can be granted that is typical of the claims of absent class members. If brought and prosecuted individually, the claims of each class member would necessarily require proof of the same material and substantive facts, rely upon the same remedial theories, and seek the same relief.

31. The claims and remedial theories pursued by the named class representatives are sufficiently aligned with the interests of absent class members to ensure that the universal claims of the class will be prosecuted with diligence and care by Plaintiffs as representative of the class.

32. Plaintiffs' claims are typical of the claims of the members of the class because Plaintiffs and all other class members sustained damages in the same way, as a result of Defendants' wrongful conduct complained of herein, and the claims of each class member arise out of the same nucleus of operative facts and are based on the same legal theories.

### Numerosity

33. The members of the class are so numerous that joinder of all members is impracticable. The class is, however, ascertainable, because the names and addresses of all class members can be identified in the employment records of Defendant Cook County Sheriff's office.

### Commonality

34. The questions of law and fact common to the class include, *inter alia*: Whether Defendants retaliated against members of the SORT Team based on their political affiliation in violation of 42 U.S.C. § 1983 by: failing to promote them; demoting them; forcing them to resign; reassigning them to less desirable positions; removing them from a specialty unit; depriving them of overtime; and other actions.

## Adequate Representation

35.     The named Plaintiffs are willing and prepared to serve the Court and proposed class in a representative capacity with all of the obligations and duties material thereto.  Plaintiffs will fairly and adequately protect the interest of the class and has no interests adverse to or which directly and irrevocably conflict with, the interests of other class members.

36.     The self-interest of the named class representatives are co-extensive with and not antagonistic to the interests of the absent class members.  The proposed representatives will undertake to well and truly protect the interests of the absent class members.

37.     The named Plaintiffs have engaged the services of counsel indicated below.  Said counsel is experienced in complex class litigation, will adequately prosecute this action, and will assert, protect and otherwise well represent the named class representative and absent class members.

## RULE 23(b)(1)(A) and (B)

38.     The prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action, or could substantially impair or impede their ability to protect their interests.

39.     The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to

individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards and inconsistent or varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create inconsistent and incompatible rights within the plaintiff class.

### **RULE 23 (b)(2)**

40. The Defendants have acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

### **RULE 23 (b)(3)**

41. The questions of law and fact common to members of the class predominate over any questions affecting only individual members.

42. A class action is superior to other available methods for the fair and efficient adjudication of the controversies herein in that:

    (a) Individual claims by the class members are impractical as the cost of pursuit likely exceeds what any one plaintiff or class member has at stake;

    (b) The class action will effectuate economies of scale, including judicial time and resources;

    (c) There has been very little individual litigation over the controversies herein, and individual members have no interest in prosecuting and controlling separate actions;

    (d) The proposed class is manageable;

(e) Class treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of evidence, effort and expense that numerous individual actions would engender;

(f) The benefits of proceeding through the class mechanism, including providing injured persons with a method for obtaining redress for claims that it might not be practicable to pursue individually, substantially outweigh any difficulties that may arise in management of this class action.

43. Plaintiff knows of no difficulty to be encountered by litigating this action that would preclude its maintenance as a class action.

## COUNT I

## (§ 1983 – Political Retaliation

## v. All Defendants)

44. Plaintiffs restate and reallege by reference paragraphs 1 through 43 as if fully set forth herein against all Defendants.

45. At all times relevant hereto, Defendants acted as employees, supervisors, and final policymakers for the Cook County Sheriff's Office and its respective agencies.

46. The First Amendment protects a wide spectrum of free speech and association, including a public employee's right to free association and to support or not support a political candidate of their own choosing.

47. By not supporting Sheahan's candidate of choice, Dart, and by being associate with and associating with others involved in Remus's campaign, a political opponent to Sheriff Sheahan and his political party and the Democratic machine, Plaintiffs were engaged in the exercise of their rights under the First Amendment.

48. Defendants unlawfully retaliated against Plaintiffs for the exercise of their rights under the First Amendment.

49. Defendants intentionally subjected Plaintiff to unequal and retaliatory treatment by removing Plaintiffs from the SORT Team and disbanding the SORT Team.

50. The actions of Defendants against Plaintiffs violated their rights guaranteed under the First Amendment to the United States Constitution and 42 U.S.C. § 1983.

51. All Defendants have acted under color of state law at all material times hereto.

52. The actions of the Defendants were intentional, willful, and malicious and/or in reckless disregard of Plaintiffs' rights as secured by 42 U.S.C. § 1983 and the Civil Rights Act of 1991.

53. The acts of Defendants have caused Plaintiffs great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE,** Plaintiffs seeks the following relief as to Count I of the Complaint:

a. All wages and benefits Plaintiffs would have received but for the retaliation, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

b. Compensatory damages in an amount to be determined at trial;

c. A permanent injunction enjoining the Defendants from engaging in the retaliatory practices complained of herein;

d. A permanent injunction requiring that the Defendants adopt employment practices and policies in accord and conformity with the requirements of the Civil Rights Act of 1871, 42 U.S.C. § 1983, and further requiring that Defendants adopt and initiate effective remedial actions to ensure equal treatment and non-retaliation of employees;

e. A declaratory judgment that Defendants' actions violate the First Amendment to the United States Constitution;

f. The Court retain jurisdiction of this case until such time as it is assured that the Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

g. Punitive damages as allowed by law as against the individual Defendants only;

h. An award of reasonable attorneys' fees, costs, and litigation expenses; and

i. Such other relief as the Court may deem just or equitable.

Respectfully Submitted,

WILLIAM BURRUSS, CHUCK CANADA, PAUL CASTELLANO, JOE CEDENO, LYONELL DAVIS, SAMUEL DIAZ, JR., RICHARD FEDDOR, PETER GIUNTA, LEON HARVEY, GREG HAYES, THOMAS IACOVETTI, MYRON JONES, CHRIS KALOUDIS, DARRYL KING, LARRY KOWALUK, NELSON LEWIS, ANTHONY LORDO, RICHARD MESSINA, JOHN NAWARA, JOSHUA NORRIS, MICHAEL O'CONNELL, GLENN ROSS, JAVIER RUEDA, DAVE STEADMAN, FLAMUR TRASHANI, MATT VLAHOS, HARRY WHEELER, individually, and on behalf of all others similarly situated,


*s/ Dana L. Kurtz*

Plaintiffs' Attorneys

*Electronically filed on November 18, 2008*

Dana L. Kurtz, Esq. (6256245)
KURTZ LAW OFFICES, LLC
414 South State Street
Lockport, Illinois 60441
Phone: 815.838.0968
Facsimile: 312.893.2239
E-mail: dkurtz@kurtzlaw.us

14