IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM BURRUSS, CHUCK CANADA, PAUL CASTELLANO, JOE CEDENO, LYONELL DAVIS, SAMUEL DIAZ, JR., RICHARD FEDDOR, LEON HARVEY, GREG HAYS, THOMAS IACOVETTI, MYRON JONES, DARRYL KING, LARRY KOWALUK, NELSON LEWIS, ANTHONY LORDO, RICHARD MESSINA, JOHN NAWARA, JOSHUA NORRIS, MICHAEL O'CONNELL, GLENN ROSS, JAVIER RUEDA, FLAMUR TRASHANI, MATT VLAHOS, HARRY WHEELER, <br><br> Plaintiffs, <br><br> v. <br><br> COOK COUNTY SHERIFF'S OFFICE, THOMAS DART, in his individual capacity, SCOTT KURTOVICH, in his individual capacity, DENNIS ANDREWS, in his individual capacity, MICHAEL HOLMES, in his individual capacity, SALVADOR GODINEZ, in his individual capacity, GILBERTO ROMERO, JR. in his individual capacity, the COUNTY OF COOK, a unit of local Government, <br><br> Defendants. | **FILED** <br> **APRIL 7, 2010** <br> MICHAEL W. DOBBINS <br> CLERK, U.S. DISTRICT COURT <br><br><br> Case No. 08 CV 6621 <br><br> Honorable Judge Pallmeyer <br><br><br><br> Plaintiffs Demand Trial by Jury |

## FIRST AMENDED COMPLAINT

Plaintiffs WILLIAM BURRUSS, CHUCK CANADA, PAUL CASTELLANO, JOE CEDENO, LYONELL DAVIS, SAMUEL DIAZ, JR., RICHARD FEDDOR, LEON HARVEY, GREG HAYS, THOMAS IACOVETTI, MYRON JONES, DARRYL KING,

LARRY KOWALUK, NELSON LEWIS, ANTHONY LORDO, RICHARD MESSINA, JOHN NAWARA, JOSHUA NORRIS, MICHAEL O'CONNELL, GLENN ROSS, JAVIER RUEDA, FLAMUR TRASHANI, MATT VLAHOS, and HARRY WHEELER, by and through their undersigned attorneys, complaining against Defendants, COOK COUNTY SHERIFF'S OFFICE, THOMAS DART, in his individual capacity, SCOTT KURTOVICH, in his individual capacity, DENNIS ANDREWS, in his individual capacity, MICHAEL HOLMES, in his individual capacity, SALVADOR GODINEZ, in his individual capacity, GILBERTO ROMERO, JR., in his individual capacity, and the COUNTY OF COOK, a unit of local Government, states as follows:

1. Plaintiffs bring this action to redress acts of retaliation in violation of the First Amendment pursuant to 42 U.S.C. § 1983 in violation of Plaintiffs' rights to free political association (Count I).

2. This Court has jurisdiction pursuant to 42 U.S.C. §1983 and 28 U.S.C. §1343.

3. Venue is proper in this judicial district under 28 U.S.C. §1391(b) and (c) because Plaintiffs and all Defendants either reside in this district or have their principal place of business in this district, and all events giving rise to Plaintiffs' claims occurred within this district.

**PARTIES**

4. Plaintiffs WILLIAM BURRUSS, CHUCK CANADA, PAUL CASTELLANO, JOE CEDENO, LYONELL DAVIS, SAMUEL DIAZ, JR., RICHARD FEDDOR, LEON HARVEY, GREG HAYS, THOMAS IACOVETTI, MYRON JONES, DARRYL KING, LARRY KOWALUK, NELSON LEWIS, ANTHONY LORDO, RICHARD MESSINA, JOHN NAWARA, JOSHUA NORRIS, MICHAEL O'CONNELL, GLENN ROSS, JAVIER RUEDA, FLAMUR TRASHANI, MATT VLAHOS, and HARRY WHEELER, are correctional officers with the Cook County Sheriff's Office.

5. Plaintiffs were competitively selected and assigned to a highly specialized unit of the Cook County Sheriff's Office, the Special Operations Response Team ("SORT").

6. All Plaintiffs had an exemplary record with the Sheriff's Office and were selected to serve in the elite SORT Unit based on their record of superior job performance, which was above reproach.

7. At all relevant times, each Plaintiff satisfactorily fulfilled his assigned duties.

8. Defendant COOK COUNTY is a municipality incorporated under the laws of the State of Illinois. Cook County administers itself through departments, one of which is the Cook County Sheriff's Office ("Sheriff's Office").

3

9. Defendant COOK COUNTY SHERIFF'S OFFICE is a department of COOK COUNTY.

10. At all relevant times, Defendant THOMAS DART ("Sheriff Dart") served in the elected position of Sheriff of Cook County, Illinois. Sheriff Dart is sued in his individual capacity as Sheriff of Cook County.

11. Defendant Dart was a policy maker for the Sheriff's Office and has final policy making authority for the Sheriff's Office with regard to his acts and conduct alleged herein.

12. Defendant SCOTT KURTOVICH is sued in his individual capacity. At all times relevant hereto, Defendant Kurtovich was the Assistant Executive Director of the Cook County Sheriff's Office Department of Corrections and acted under color of law.

13. Defendant Kurtovich was appointed by Sheriff Dart and served in the position of Assistant Executive Director solely at the discretion and pleasure of the Sheriff. Kurtovich is a final policy maker and decision maker for the Sheriff's Office with regard to his acts and conduct alleged herein. The Sheriff delegated final policy making authority to Kurtovich with regard to his acts and conduct alleged herein.

14. Defendant DENNIS ANDREWS is sued in his individual capacity. At all relevant times, Defendant Andrews was the Director of External Operations of the Cook County Sheriff's Office Department of Corrections and acted under color of law.

15. Defendant Andrews was appointed by Sheriff Dart and served in the position of Director of External Operations solely at the discretion and pleasure of the Sheriff. Andrews is a final policy maker and decision maker for the Sheriff's Office with regard to his acts and conduct alleged herein. The Sheriff delegated final policy making authority to Andrews with regard to his acts and conduct alleged herein.

16. Defendant MICHAEL HOLMES is sued in his individual capacity. At all relevant times, Defendant Holmes was the Superintendent of the Cook County Sheriff's Office Department of Corrections and acted under color of law.

17. Defendant Holmes was appointed by Sheriff Dart and served in the position of Director of External Operations solely at the discretion and pleasure of the Sheriff. Holmes is a final policy maker and decision maker for the Sheriff's Office with regard to his acts and conduct alleged herein. The Sheriff delegated final policy making authority to Holmes with regard to his acts and conduct alleged herein.

18. Defendant SALVADOR GODINEZ is sued in his individual capacity. At all relevant times, Defendant Godinez was the Executive Director of the Cook County Sheriff's Office Department of Corrections and acted under color of law.

19. Defendant Godinez was appointed by Sheriff Dart and served in the position of Executive Director solely at the discretion and pleasure of the Sheriff. Godinez is a final policy maker and decision maker for the Sheriff's Office with regard

5

to his acts and conduct alleged herein. The Sheriff delegated final policy making authority to Godinez with regard to his acts and conduct alleged herein.

20. Defendant GILBERTO ROMERO, JR. is sued in his individual capacity. At all relevant times, Defendant Romero was the Assistant Executive Director of the Cook County Sheriff's Office Department of Corrections and acted under color of law.

21. Defendant Romero was appointed by Sheriff Dart and served in the position of Assistant Executive Director solely at the discretion and pleasure of the Sheriff. Romero was a final policy maker and decision maker for the Sheriff's Office with regard to his acts and conduct alleged herein. The Sheriff delegated final policy making authority to Romero with regard to his acts and conduct alleged herein.

**FACTS UPON WHICH CLAIMS ARE BASED**

22. The SORT Unit was considered an elite unit that was at one point headed by Richard Remus, who held the position of Superintendent.

23. In 2006, Remus put his name on the ballot to run for Sheriff of Cook County. The primary for the election was held on March 21, 2006.

24. Prior to the primary, many SORT officers actively supported Remus's campaign for Sheriff. It was widely known throughout the Sheriff's office that SORT was "Remus's Unit" and many SORT officers were actively involved in his political campaign.

25. Plaintiffs, along with many other officers, were feeling pressure from their supervisors and command staff of the Sheriff's Office to support Tom Dart, former Sheriff Michael Sheahan's slated replacement.

26. Defendants knew and believed that all Plaintiffs supported the political opponent (Remus) in the primary and did not support Dart.

27. Because of Plaintiffs' political affiliation and perceived political affiliation, Defendants disbanded the SORT Team on or about November 19, 2006 and removed Plaintiffs from their specialty Unit.

28. Plaintiffs lost overtime, other specialties, and/or promotions as a result.

29. Defendant Andrews told others that the disbanding of the SORT Team was "political" and that the retaliation against other members of the SORT Team was also "political."

30. Defendants have engaged in a pattern and practice of retaliation against employees based on their political affiliation.

31. Defendants and Defendants' command staff and supervisors had knowledge of the complained of conduct and refused or failed to take action to terminate or correct such conduct, although they had the power and authority to do so.

## COUNT I

### (§ 1983 – Political Retaliation

### v. All Defendants)

32. Plaintiffs restate and reallege by reference paragraphs 1 through 31 as if fully set forth herein against all Defendants.

33. At all times relevant hereto, Defendants acted as employees, supervisors, and final policymakers for the Cook County Sheriff's Office and its respective agencies.

34. The First Amendment protects a wide spectrum of free speech and association, including a public employee's right to free association and to support or not support a political candidate of their own choosing.

35. By not supporting Sheahan's candidate of choice, Dart, and by being associate with and associating with others involved in Remus's campaign, a political opponent to Sheriff Sheahan and his political party and the Democratic machine, Plaintiffs were engaged in the exercise of their rights under the First Amendment.

36. Defendants unlawfully retaliated against Plaintiffs for the exercise of their rights under the First Amendment.

37. Defendants intentionally subjected Plaintiffs to unequal and retaliatory treatment by removing Plaintiffs from the SORT Team and disbanding the SORT Team.

38. The actions of Defendants against Plaintiffs violated their rights guaranteed under the First Amendment to the United States Constitution and 42 U.S.C. § 1983.

39. All Defendants have acted under color of state law at all material times hereto.

40. The actions of the Defendants were intentional, willful, and malicious and/or in reckless disregard of Plaintiffs' rights as secured by 42 U.S.C. § 1983 and the Civil Rights Act of 1991.

41. The acts of Defendants have caused Plaintiffs great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE,** Plaintiffs seeks the following relief as to Count I of the Complaint:

    a. All wages and benefits Plaintiffs would have received but for the retaliation, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

    b. Compensatory damages in an amount to be determined at trial;

    c. A permanent injunction enjoining the Defendants from engaging in the retaliatory practices complained of herein;

    d. A permanent injunction requiring that the Defendants adopt employment practices and policies in accord and conformity with the requirements of the Civil Rights Act of 1871, 42 U.S.C. § 1983, and further requiring that Defendants adopt and initiate effective remedial actions to ensure equal treatment and non-retaliation of employees;

9

e.  A declaratory judgment that Defendants' actions violate the First Amendment to the United States Constitution;

f.  The Court retain jurisdiction of this case until such time as it is assured that the Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

g.  Punitive damages as allowed by law as against the individual Defendants only;

h.  An award of reasonable attorneys' fees, costs, and litigation expenses; and

i.  Such other relief as the Court may deem just or equitable.

Respectfully Submitted,

WILLIAM BURRUSS, CHUCK CANADA, PAUL CASTELLANO, JOE CEDENO, LYONELL DAVIS, SAMUEL DIAZ, JR., RICHARD FEDDOR, LEON HARVEY, GREG HAYS, THOMAS IACOVETTI, MYRON JONES, DARRYL KING, LARRY KOWALUK, NELSON LEWIS, ANTHONY LORDO, RICHARD MESSINA, JOHN NAWARA, JOSHUA NORRIS, MICHAEL O'CONNELL, GLENN ROSS, JAVIER RUEDA, FLAMUR TRASHANI, MATT VLAHOS, and HARRY WHEELER


*s/ Dana L. Kurtz*
_____
Plaintiffs' Attorneys

*Electronically filed on March 1, 2010*

Dana L. Kurtz, Esq. (6256245)
Heidi Karr Sleper, Esq. (6287421)
KURTZ LAW OFFICES, LTD.
414 South State Street
Lockport, Illinois 60441
Phone: 815.838.0968
Facsimile: 312.893.2239
E-mail: dkurtz@kurtzlaw.us
E-mail: hsleper@kurtzlaw.us